IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Michael T. Carew, | ) C.A. No.: |
| Plaintiff, | ) |
| vs. | ) **COMPLAINT** |
| Provident Life and Accident Insurance Co., | ) |
| Defendants. | ) |

Plaintiff Michael T. Carew, by and through his undersigned counsel, complaining of the above-named Defendants would respectfully show unto this Honorable Court the following:

## JURISDICTION AND VENUE

1. Plaintiff Michael T. Carew is a citizen and resident of Union County, North Carolina.

2. Prior to his disability, Plaintiff Michael T. Carew worked for Bank of America in the State of North Carolina.

3. Upon information and belief, Plaintiff's employer Bank of America created and established an one or more employee welfare benefit plans for the purpose of providing disability benefits to its employees.

4. Upon information and belief, Plaintiff's employer Bank of America created and established an employee welfare benefit plan that allowed Bank of America employees to purchase a "Disability Income Policy" for the purpose of providing disability benefits to its employees.

5. Effective January 1, 2022, Defendant Provident issued a "Disability Income Policy"

identified by Policy Number 06-750-6417711 (hereinafter "Disability Income Policy"), to Plaintiff.

6. The Disability Income Policy is governed by the Employee Retirement and Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. § 1001, *et seq.*

7. Pursuant to 29 U.S.C. §1132(e), this Court has jurisdiction over Plaintiff's claims.

## FACTUAL ALLEGATIONS

8. Prior to his disability, Plaintiff Michael T. Carew worked as a Client Management Executive Senior Vice President of Bank of America.

9. On June 22, 2022, Plaintiff was injured at work when a large metal bar fell off a door, striking Plaintiff in the head, causing a traumatic brain injury, post-concussion syndrome, chronic headaches, and related cognitive problems.

10. After his head injury, Plaintiff attempted to continue working but ultimately was unable to perform the material and substantial duties of his Own Occupation.

11. Plaintiff's last day at work was on or about August 22, 2024.

12. Since August 23, 2024, Plaintiff has been unable to perform the material and substantial duties of his Own Occupation or Any Occupation due to various medical conditions caused by his head injury.

13. After he became disabled, Plaintiff made a claim for Individual Disability benefits under the terms of the Disability Income Policy.

14. By letter dated December 27, 2024, Provident denied Plaintiff's claim for Individual Disability benefits under the terms of the Disability Income Policy.

15. On May 5, 2025, Plaintiff timely appealed Defendant Provident's denial decision.

16. On June 6, 2025, Defendant Provident denied Plaintiff's appeal.

17. Plaintiff has exhausted all administrative remedies under the Plan.

18. Despite Plaintiff's continuous total disability since August 23, 2024, Defendant Provident has wrongfully failed to pay Individual Disability benefits to Plaintiff under the terms of the Disability Income Policy.

## CAUSE OF ACTION
### Claim for Individual Disability benefits, pursuant to 29 U.S.C. §§ 1132(a)(1)(B)

19. Plaintiff incorporates all prior allegations herein, where not inconsistent, as if fully set forth herein.

20. Plaintiff has been totally disabled from performing the material duties of her own occupation or any other occupation for which he is reasonably qualified since August 23, 2024.

21. Plaintiff is entitled to Individual Disability benefits under the terms of the Disability Income Policy.

22. Plaintiff has been totally disabled from performing the material duties of any occupation for which he is capable of performing by way of education, training, or experience, and is entitled to Individual Disability benefits under the terms of the Provident policy as described above.

23. Plaintiff seeks Individual Disability benefits under the terms of the Plan, to enforce his rights under the terms of the Policy, and to clarify his rights to future benefits under the terms of the Policy, pursuant to 29 U.S.C. §1132(a)(1)(B).

24. Plaintiff respectfully requests that the Court order Defendant Provident to pay all amounts

due and owing for the Plaintiff's Individual Disability benefits under the terms of the Provident Disability Income Policy, pursuant to 29 U.S.C. § 1132(a)(1)(B).

25. Pursuant to 29 U.S.C. §1132(g), Plaintiff also respectfully requests that the court grant Plaintiff's attorneys fees and costs.

**WHEREFORE,** Plaintiff Michael T. Carew prays for judgment directing Defendant Provident Life and Accident Insurance Company to pay Plaintiff's Individual Disability benefits pursuant to the Provident Disability Income Policy, attorneys fees and costs, and all such further relief as the Court deems just and proper.

Respectfully Submitted,

   s/John R. Peace
John Robert Peace, Esq., NC Bar #27406
PO Box 8087
Greenville, SC 29604-8087
Ph: (864) 298-0500
FAX: (864) 271-3130
John@PeaceLawFirm.com

September 10, 2025   **Attorney for Plaintiff Michael T. Carew**